THE STATE OF OHIO, APPELLEE, *v.* WIGGINS, APPELLANT.

(No. 79AP-891—Decided April 17, 1980.)

*Mr. Michael Miller,* prosecuting attorney, and *Ms. Karen L. Martin,* for appellee.

*Mr. Jerry Weiner,* for appellant.

WHITESIDE, J. Defendant-appellant, Karl A. Wiggins, appeals from a judgment of the Court of Common Pleas of Franklin County and raises two assignments of error as follows:

(1) "The trial court committed prejudicial error in overruling appellant's motion for acquittal after the close of the State's case."

(2) "The trial court committed prejudicial error in instructing the jury that it could consider both replacement and fair market value to determine the value of the property received by the appellant."

Defendant was convicted of receiving stolen property, consisting of two CB radios and a cassette deck, which had been stolen from three different automobiles on different dates. Defendant contended that, without knowledge that these items were stolen, he purchased them for $90 from a person he had met in an elevator, because it looked like a good value to him and because that person stated that he was "hard up" for cash.

In support of his first assignment of error, defendant contends that the evidence was insufficient to permit a finding that the value of the property involved was at least $150.

The owner of one of the CB's testified that she had it installed in her automobile less than six months previously and paid approximately $35 for it. The owner of the other CB radio testified that he had it installed in his van for less than a year and paid $50 for it. The owner of the cassette deck testified that she paid $150 for it and had it installed in her automobile about three months previously. Thus, there was adequate evidence as to replacement value of the items, well in excess of $150, justifying a conclusion that they were worth at least $150, which, in accordance with R. C. 2913.51, determines whether the crime of receiving stolen property is a misdemeanor or a felony.

Defendant contends that the proper test of value is fair market value and that the cost of replacement is not appropriate under the circumstances. However, R. C. 2913.61 provides, in part, as follows:

"(D) The following criteria shall be used in determining the value of property or services involved in a theft offense:
"* * *

"(2) The value of personal effects and household goods, and of materials, supplies, equipment, and fixtures used in the profession, business, trade, occupation, or avocation of its owner, which property is not covered under division * * *[D](1)

of this section, and which retains substantial utility for its purpose regardless of its age or condition, is the cost of replacing such property with new property of like kind and quality.

"(3) The value of any property, real or personal, not covered under division***[D](1) or (2) of this section, and the value of services, is the fair market value of such property or services. As used in this section, 'fair market value' is the money consideration which a buyer would give and a seller would accept for property or services, assuming that the buyer is willing to buy and the seller is willing to sell, that both are fully informed as to all facts material to the transaction, and that neither is under any compulsion to act."

The basic issue to be determined is whether the three items in question were "personal effects" of, or were used in an avocation of, the owners thereof, there being no indication that they were used in a profession, business, trade or occupation. We conclude that, for this purpose, the term "personal effects" includes all items of tangible personal property of a person devoted to personal use, including his automobile, and a CB radio or cassette deck installed therein. There can be no question that the CB radios and the cassette deck each "retains substantial utility for its purpose regardless of its age or condition," unless it is inoperable and irreparable. The evidence here indicates that all three were functioning. Accordingly, we conclude that the proper test of value was the cost of replacing the property with new property of like kind and quality. The trial court did not err in overruling defendant's motion for acquittal at the conclusion of the state's case, there being sufficient evidence from which the jury could find that the value of the property in question was at least $150. Defendant has not, in support of this assignment of error, contended that the evidence was insufficient for the jury to find defendant guilty of receiving stolen property. The first assignment of error is not well taken.

By the second assignment of error, defendant contends that the trial court erred in instructing the jury that it could consider both replacement cost and fair market value in determining the value of the property received by defendant.

The jury found the value of the property to be $150 or more. It is unclear, however, which test they applied, since the primary test given to the jury by the trial court was that of fair

market value. The trial court charged the jury with respect to value as follows:

"***The value of property is the fair market value. Fair market value is the money consideration which a buyer would give and a seller would receive for the property assuming that the buyer is willing to buy and the seller is willing to sell and both are fully informed as to the facts material to the transaction and that neither is under any compulsion to act.

"Further, you may consider this as perhaps assistance in your dealings with the issue of value. The value of personal effects or equipment used in the avocation of its owner which retains substantial utility for its purpose regardless of its age or condition is the cost of replacing such property with new property of a like kind and quality."

Unfortunately, the trial court did not explain why it gave the instruction in this fashion. Perhaps the trial court felt that there was an issue as to whether the property involved was used in the owner's avocation, or a question as to whether it retained substantial utility for its purpose, regardless of its age or condition. However, the trial court did not specifically instruct the jury that these were findings of fact that it was to make. On the other hand, no objection was made in this regard; there was only a general objection to the giving of any charge on replacement value. An automobile can be used in an avocation as can a CB radio or cassette deck installed therein. However, as we noted in connection with the first assignment of error, both the cassette deck and the radios constitute personal effects and are to be valued at the cost of replacing such property, if they each retained substantial utility for its purpose, regardless of its age or condition. With respect to the latter issue (utility), there could be a factual issue involved; and, we assume this is the reason that the instruction was given by the trial court in the manner that it was. The charge was somewhat confusing in that it suggests that fair market value is the usual test and that replacement cost is an exception. However, under the statute (R. C. 2913.61[D] ), the fair-market-value test is applicable only in those instances not otherwise specifically provided for. Any error in this regard would not be prejudicial to defendant, however, since it would permit the jury to consider the fair market value of the property.

Defendant testified to the effect that the fair market value

of the property was at least $90 for he testified that he paid that amount for the property, feeling that he got a good value, because the person selling the items was "hard up" for money. On the other hand, the total cost of the items, when new, purchased three, six and twelve months previously, was $235. The jury was justified, therefore, in finding the fair market value of the property, even if it used the fair-market-value test, to be somewhere between $90 and $235, and even as much as $150, under the circumstances. In short, we find no prejudicial error in the trial court's charge to the jury with respect to value. The second assignment of error is not well taken.

For the foregoing reasons, both assignments of error are overruled, and the judgment of the Court of Common Pleas of Franklin County is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and MOYER, J., concur.